UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: JAN 0 8 2013

JORGE GANDIA ORTEGA,

            Plaintiff,

-v-

UNITED STATES OF AMERICA,

            Defendant.

No. 09 Civ. 608 (LTS)(GWG)

07 CR IM 348

MEMORANDUM ORDER ADOPTING REPORT AND RECOMMENDATION

Petitioner Jose Gandia Ortega ("Petitioner" or "Ortega") was convicted in this District of one count of conspiracy to distribute and posses with the intent to distribute more than five kilograms of cocaine, and of one count of distribution and possession with the intent to distribute approximately twenty kilograms of cocaine. On June 2, 2005, the District Court sentenced Ortega to 360 months in prison, and on September 28, 2007, the United States Court of Appeals for the Second Circuit affirmed the judgment of conviction. Presently before the Court is Ortega's petition, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence. In his original petition, Ortega asserted three principal claims: (1) that his trial counsel was ineffective for failing to advise him to proceed to a bench trial on stipulated facts; (2) that his trial counsel was ineffective due to the cumulative impact of various deficiencies or errors during the pretrial, plea, trial, sentencing, and direct appeal process; and (3) that he did not receive effective assistance of counsel with respect to his decision to go to trial rather than plead guilty. On June 27, 2012, Magistrate Judge Gorenstein issued a Report and Recommendation ("Report"), recommending that the Court deny Ortega's § 2255 petition, with the exception of

Ortega's claim that he received ineffective assistance of counsel with respect to his decision to go to trial rather than to plead guilty during the period that he was represented by Robert Koppelman.[1] Ortega filed timely objections ("Objections") to the Report. Familiarity with the Report is presumed.

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.A. § 636(b)(1)(c) (West 2006). The court is required to make a de novo determination as to the aspects of a report and recommendation to which specific objections are filed. United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997). When a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report only for clear error. See Camardo v. General Motors HourlyRate Employees Pension Plan, 806 F. Supp. 380, 382 (W.D.N.Y. 1992). Objections to a Report must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a "second bite at the apple" by simply relitigating a prior argument. Camardo, 806 F. Supp. at 381-82.

Petitioner's principal objections are to only one portion of the Report - Judge Gorenstein's determination that Petitioner did not receive ineffective assistance of counsel with respect to his decision to plead guilty during the period that he was represented by Larry Bronson (Petitioner's trial counsel prior to Robert Koppelman).[2] Since the Report was issued,

---

[1] Counsel has been appointed to represent Ortega in connection with this particular ineffective assistance claim at a testimonial hearing.

[2] Petitioner styles a portion of his submission as "objections" to Judge Gorenstein's conclusion that Petitioner should receive an evidentiary hearing as to his claim that he received ineffective assistance of counsel during the time he was represented by Koppelman. This section of Petitioner's submission serves mainly to supplement and clarify Petitioner's arguments as to why Koppelman's

Petitioner has, pursuant to a FOIA request, received several additional documents pertinent to his case, including a letter, dated January 31, 2003, from the Government to Petitioner's counsel at the time, Lisa Scolari. In the letter, the Government provided discovery materials to Ms. Scolari, notably a copy of Petitioner's "rap sheet." (See Objections, Exh. 5.) Petitioner alleges that this rap sheet, which was turned over to Bronson, indicated that Petitioner had previously been convicted in California of felony marijuana possession. Petitioner asserts that, had Bronson reviewed the rap sheet, knowledge of the prior conviction would have affected his advice to Petitioner as to the relative benefits of a plea versus trial.[3] However, Petitioner has offered only speculation that the California felony was apparent on the rap sheet and that Bronson was ever actually in possession of the rap sheet.[4] Additionally, Petitioner's conclusory allegation that the California felony was listed on a rap sheet provided to defense counsel by the Government in January 2003, is contradicted by the Government's proffer that it only discovered Petitioner's prior felony convictions a year later, in January 2004. (See App'x of Exhibits in Support of Govt's Opposition to Petitioner's § 2255 Motion, Exhibits E & G.) Petitioner does not represent that Bronson could have learned of the California felony conviction from any source other than the rap sheet.[5] Accordingly, Petitioner has not proffered evidence sufficient to raise a genuine

---

representation was ineffective. The Court declines to consider these arguments until after the evidentiary hearing.

[3] Had Bronson known of the prior felony conviction, he should have advised Petitioner that, if the Government chose to present the prior felony to the Court in an information, Petitioner would be exposed to a mandatory minimum sentence of 20, rather than 10 years. See 21 U.S.C. § 841(b)(1)(A).

[4] The rap sheet itself is not part of the record.

[5] Notably, Petitioner never indicates what he himself told Bronson as to his criminal history.

factual issue as to whether Bronson's failure to discover Petitioner's California felony conviction constitutes ineffective assistance of counsel with respect to Petitioner's decision to go to trial rather than plead guilty.[6]

Petitioner's remaining objections merely reiterate or elaborate on arguments that he made in his original habeas petition and so are entitled to only clear error review. Nonetheless, the Court has conducted a de novo review of all aspects of the Report to which objections have been made and finds Judge Gorenstein's thorough and thoughtful analysis to be entirely correct.

The Court has reviewed carefully the remainder of Judge Gorenstein's Report and finds no clear error. The Court therefore adopts the Report in its entirety and denies the petition, with the exception of Petitioner's claim that he received ineffective assistance of counsel from Robert Koppelman with respect to his decision to go to trial rather than to plead guilty. The parties are directed to contact Judge Gorenstein's chambers to schedule a hearing date with respect to the remaining claim. This case remains referred to Judge Gorenstein for report and recommendation.

The petitioner may not appeal this order to the Court of Appeals unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C.A. § 2253(c)(1). A certificate will be granted, "only if the applicant has made a substantial showing of the denial of a constitutional

---

[6] While the instant § 2255 petition was pending, Petitioner filed a motion for leave to supplement his petition to take into account the Supreme Court's recent decision in Lafler v. Cooper, 122 S. Ct. 1376 (2012), which discussed ineffective assistance of counsel claims in the context of the plea-bargaining process. Judge Gorenstein considered Lafler v. Cooper in his Report and this Court has also considered Petitioner's arguments relating to Lafler v. Cooper in evaluating the Report and Petitioner's objections.

right." 28 U.S.C. § 2253(c)(2); see generally United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997) (discussing the standard for issuing a certificate of appealability). As the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: New York, New York
January 7, 2013

LAURA TAYLOR SWAIN
United States District Judge