UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
JORGE GANDIA ORTEGA,

                Petitioner,

  -v-                                                      09-CV-608-LTS-GWG
                                                              02-CR-348
UNITED STATES OF AMERICA,

                Respondent.
-------------------------------------------------------x

MEMORANDUM ORDER ADOPTING REPORT AND RECOMMENDATION
AND DENYING MOTION FOR RECONSIDERATION

        Petitioner Jose Gandia Ortega ("Petitioner" or "Ortega") was convicted in this District of one count of conspiracy to distribute and possess with the intent to distribute more than five kilograms of cocaine, and of one count of distribution and possession with the intent to distribute approximately twenty kilograms of cocaine.  On June 2, 2005, the District Court (Leisure, D.J.) sentenced Ortega principally to 360 months in prison and, on September 28, 2007, the United States Court of Appeals for the Second Circuit affirmed the judgment of conviction.  Ortega moved, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence.  Before the Court are (1) a Report and Recommendation issued on January 21, 2014 ("2014 Report") by Magistrate Judge Gorenstein recommending denial of Ortega's petition with respect to the one remaining claim that survived the Court's January 8, 2013 Order ("January 2013 Order"), which adopted Judge Gorenstein's Report and Recommendation, dated June 27, 2012 ("2012 Report"), recommending dismissal of all of Petitioner's other claims; (2) Ortega's objections to the 2014 Report ("Objections"); (3) Ortega's motion for reconsideration of the Court's January 2013 Order; and (4) Ortega's request for appointment of counsel.

This Memorandum Order addresses the 2014 Report as to the remaining claim, Ortega's motion for reconsideration, and Ortega's request for appointment for counsel. For the following reasons, the Court adopts the 2014 Report, dismissing the remaining claim, and denies Petitioner's motion for reconsideration of the Court's January 2013 Order. The Court also denies Ortega's request for appointment of counsel.

BACKGROUND

Familiarity with the facts of this case is presumed. Following the Court's adoption of the 2012 Report, Judge Gorenstein held evidentiary hearings on the question of whether Ortega had received effective assistance of counsel from attorney Robert Koppelman ("Koppelman") with respect to Ortega's decision to go to trial rather than to plead guilty. Judge Gorenstein considered written submissions from Ortega, testimony from Ortega, testimony from the federal prosecutor who had been assigned to Ortega's case, testimony from Koppelman, testimony from Larry Bronson ("Bronson"), the attorney who had represented Ortega briefly before turning the case over to his associate, Koppelman, and the accounts of two witnesses who had interacted with Ortega during the period of Ortega's pre-trial incarceration. After examining the evidence, Judge Gorenstein made credibility determinations and analyzed whether Koppelman had rendered ineffective assistance of counsel. Judge Gorenstein's 2014 Report, which reflects careful review of the evidence and application of the relevant laws to the facts, recommends dismissal of the remaining claim of ineffective assistance of counsel.

DISCUSSION

Claim of Ineffective Assistance of Counsel with Respect to Koppelman

When reviewing a magistrate judge's report and recommendation, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made

by the magistrate judge." 28 U.S.C.S. § 636(b) (1) (C) (LexisNexis 2012). Where specific objections are made, a court must make a de novo determination as to those aspects of the report. United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997). "When a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the report only for clear error. Koloa v. Horn, No. 09 Civ. 6597 (LTS) (RLE), 2012 WL 2914338, at *1 (S.D.N.Y. July 17, 2012) (citing Camaro v. Gen. Motors Hourly-Rate Emps. Pension Plan, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)) (court need not consider objections which are frivolous, conclusory, or general, and which constitute a rehashing of the same arguments and positions taken in original pleadings). Any objections must be both specific and clearly aimed at particular findings by the magistrate judge so that no party is allowed a "second bite at the apple" by simply relitigating a prior argument. Camaro, 806 F. Supp. at 382.

Petitioner's Objections advance two principal arguments relevant to Koppelman's representation. First, Petitioner argues that Koppelman had "no interest to fight" for him because Koppelman had an insufficient financial incentive to do so. Second, Petitioner argues that he was deprived of his right to counsel because Koppelman replaced Bronson without Ortega's permission, and without disclosing to Ortega that Bronson was the subject of federal criminal charges. Petitioner also generally challenges the Report's conclusions as to the credibility of Koppelman's testimony. The Court has reviewed de novo the relevant aspects of the 2014 Report.

The Court first considers Petitioner's general challenges to the credibility assessments made by Judge Gorenstein. A district court has discretion to make its de novo determination of contested credibility assessments without rehearing testimony heard by the magistrate judge. United States v. Raddatz, 447 U.S. 667, 680-82 (1980). After careful

examination of the record, the Court finds Petitioner's challenges to Judge Gorenstein's credibility assessments unpersuasive. The Court agrees with, and adopts, the Report's credibility assessments in their entirety. The Report's credibility assessments were based upon scrutiny of the testimony of Petitioner's witnesses, Government witnesses, numerous written submissions, other statements made under oath, and other evidence in the record. The record, as a whole, reveals that Petitioner's allegations that Koppelman misrepresented the strength of the Government's case and thwarted Petitioner's efforts to plead guilty were inconsistent with the testimony of others and that numerous inconsistencies within Petitioner's representation of events render his testimony unreliable.

The Court now turns to Petitioner's claim of ineffective assistance of counsel. Petitioner now argues that, because Koppelman was not being paid for his representation of Ortega, he was not motivated to "fight" for Ortega. He also alleges that Koppelman "was to adhere to attorney Bronson's action which is clearly reflected in [Bronson's] letter to movant's wife that Mr. Ortega should not plead guilty." (Objections at 12.) To prevail on a claim of ineffective assistance of counsel, the petitioner must show (1) that counsel's performance was deficient under an objective standard of reasonableness; and (2) that the petitioner was prejudiced as a result of counsel's deficient performance. Strickland v. Washington, 466 U.S. 668, 694 (1984). The Court concurs with the Report's conclusions that Petitioner has failed to demonstrate ineffective assistance, notwithstanding Koppelman's alleged lack of motivation or Bronson's alleged intentions for Koppelman's representation of Petitioner, because the Court finds credible Koppelman's testimony that he explained to Petitioner the risks of going to trial and did not thwart any attempt by Petitioner to plead guilty. Petitioner has failed to provide any

other argument supported by evidence that Koppelman's performance was objectively unreasonable, and the Court therefore rejects his claim.

Petitioner also appears to argue that he would not have accepted Bronson's decision to turn the case over to Koppelman had he known that Bronson was facing criminal charges. Read generously, Petitioner seems to be asserting that, (1) his right to counsel was compromised and (2) Koppelman and Bronson were both conflicted on account of Bronson's criminal charges. Both of these assertions fail. With regard to the first assertion, Petitioner cites no legal principle that supports the contention that his constitutional right to counsel was compromised, as a matter of law, in a situation like this one, where retained counsel – Bronson – made arrangements for a colleague – Koppelman – to handle a criminal case, and where the attorney handling the majority of the representation – Koppelman – rendered effective assistance of counsel. Regarding the second assertion, Petitioner has not demonstrated that there was any actual conflict on Koppelman's part, and there is no evidence indicating that there was even a potential conflict. Petitioner has, accordingly, failed to demonstrate that he is entitled to relief.

The Court has reviewed thoroughly Judge Gorenstein's 2014 Report and Petitioner's Objections and finds that the objections and additional facts proffered by Petitioner in his Objections are insufficient to warrant an inference of ineffectiveness with respect to Koppelman's advice to Petitioner regarding whether or not Petitioner should have accepted a plea offer, and do not demonstrate credibly that Koppelman thwarted any effort by Petitioner to plead guilty. The Court adopts Judge Gorenstein's well-reasoned Report in its entirety and dismisses the claim of ineffectiveness with respect to Koppelman.

Motion for Reconsideration

Petitioner's Objections contain assertions unrelated to the claims of ineffectiveness with respect to Koppelman's representation of Petitioner. The Court has reviewed the assertions carefully and treats them as arguments for reconsideration of the Court's January 2013 Order, which adopted Judge Gorenstein's 2012 Report recommending dismissal of all claims except the claim of ineffectiveness with respect to Koppelman.

A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (internal citation and quotation marks omitted). The main focus of Petitioner's Objections in this respect is his claim that Bronson was laboring under an actual conflict of interest. As explained in footnote six of Judge Gorenstein's 2012 Report, Petitioner's argument is unavailing because he has not shown (1) "the existence of some plausible alternative defense strategy not taken up by counsel"; and (2) that "counsel chose not to undertake [the alternative strategy] because of his conflict." LoCascio v. United States, 395 F.3d 51, 56 (2d Cir. 2005) (internal citations and quotation marks omitted). The new arguments and additional proffer of facts regarding Bronson are unavailing because Petitioner still has not demonstrated that either of the two elements identified in LoCascio is satisfied. Additionally, as Judge Gorenstein has noted, any alleged deficiency in Bronson's representation of Petitioner is "rendered irrelevant" by Koppelman's effective representation of Petitioner. (2014 Report at 27–28.)

The Court has considered carefully all of Petitioner's other arguments and additional proffered facts and finds them similarly insufficient to warrant reconsideration of the Court's January 2013 Order.  Accordingly, Petitioner's motion for reconsideration is denied.

Request for Appointment of Counsel

After Petitioner filed his Objections to Judge Gorenstein's 2014 Report, he moved for appointment of counsel (docket entry no. 65).  The Court had appointed Thomas Dunn to represent Petitioner in the evidentiary hearings held in connection with the habeas proceedings.  After Judge Gorenstein issued his 2014 Report, Mr. Dunn wrote to the Court, asking to be relieved from representing Petitioner in the habeas proceedings because he believed that "no good faith objections [to the findings in the Report] exist." (Letter from Thomas Dunn to the Court, docket entry no. 64.)  The Court granted Mr. Dunn's request.

Petitioner now argues that the Court was obligated to appoint counsel to represent him in his habeas proceedings until they were concluded and that the Court should have appointed counsel to assist him in filing his Objections.

A petitioner in a habeas proceeding has no constitutional right to counsel. Pennsylvania v. Finley, 481 U.S. 551, 555 (1987).  A district court may appoint counsel for a financially eligible person if "the interests of justice so require." 18 U.S.C.S. § 3006A(a)(2)(B) (LexisNexis 2008 & Supp. 2014).  Under Rule 8(c) in the Rules Governing Section 2255 Cases in the United States District Courts, appointment of counsel in habeas proceedings is only mandatory when an evidentiary hearing is required.  See Swazo v. Wyoming Dep't of Corrections, 23 F.3d 332, 333 (10th Cir. 1994).  Here, the Court appointed counsel Thomas Dunn to assist Petitioner in the evidentiary hearings.  After he had carefully reviewed Judge Gorenstein's 2014 Report and found no good faith basis upon which to file objections on behalf

of Petitioner, the Court granted Mr. Dunn's request to be relieved.  Further appointed representation was not required, since the evidentiary proceedings had been concluded.  Having reviewed the record, the 2014 Report and Petitioner's pro se submission, the Court finds that the interests of justice do not warrant a further appointment of counsel to advance Petitioner's objections to the 2014 Report.  The Court, accordingly, denies Petitioner's request for further appointment of counsel.

## CONCLUSION

For the foregoing reasons, the Court adopts Magistrate Judge Gorenstein's 2014 Report (docket entry no. 59) in its entirety.  Petitioner's remaining claim is dismissed, and Petitioner's motion for reconsideration of the Court's January 2013 Order is denied.  The Court also denies Petitioner's request for appointment of counsel.

This Memorandum Order resolves docket entry numbers 36 and 65.  The Clerk of Court is requested to enter judgment denying the Petition and to close this case.

SO ORDERED.

Dated:  New York, New York
          January 15, 2015

                              /s/     Laura Taylor Swain
                              LAURA TAYLOR SWAIN
                              United States District Judge

Copy mailed to:

Jorge Gandia Ortega
44943-054
Federal Correctional Institution
FCI Edgefield
P.O. Box 725
Edgefield, SC 29824